IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EVA GAMBLE, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| v. | ] | |
| | ] | **CV-06-BE-4909-S** |
| **PINNOAK RESOURCES, LLC, et al.,** | ] | |
| | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs' Motion for Leave to Supplement Submission (doc. 20), and Defendant Oak Grove's Motion to Strike Plaintiffs' Evidentiary Submission (doc. 34), filed in connection with Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (doc. 8) and Defendant Oak Grove's Motion to Dismiss (doc. 9).

Plaintiffs' supplemental evidentiary submission related to Defendants' ownership, operation, or management of the Oak Grove mine consists of news articles, Defendants' press releases, and public filings. Most of Plaintiffs' exhibits could feasibly be authenticated and hearsay objections overcome at trial, and therefore are properly before the court for consideration at this stage of the proceedings. *See Macuba v. Deboer*, 193 F.3d 1316, (11th Cir. 1999) (recognizing that the court "may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form'" (citations omitted)). All of the exhibits were publicly available, and several were created by Defendants themselves. In addition, Defendants had ample time after the

-1-

supplemental submission before their reply was due and are not unfairly prejudiced by the court's consideration of these exhibits.  Therefore, the court GRANTS Plaintiffs' Motion for Leave to Supplement Submission.

In its Motion to Strike, Oak Grove argues that Plaintiffs' evidentiary affidavit in connection with Oak Grove's motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine must not be considered by the court because of the following statement by the court at the motions hearing: "That [fact witnesses and affidavits or pleadings from the prior state court case] is what I would be looking at as opposed to any expert testimony."  Oak Grove also seeks to exclude Plaintiffs' other exhibits, which include a state court hearing transcript (Ex. 2); a list of Mine Safety and Health Administration ("MSHA") citations at the Oak Grove mine (Ex. 3); MSHA annual production information for the Oak Grove mine (Ex. 4); and an article about the dangers of coal dust accumulation (Ex. 5).

Assuming, without deciding, that the affidavit and state court hearing transcript constitute "expert opinions," the documents provide factual information that assists the court in determining whether it has jurisdiction to hear the case – specifically, the time at which Plaintiffs discovered the alleged dangerous accumulation, the time at which the accumulation reached allegedly dangerous levels, and the cause of the alleged dangerous accumulation.  Given the standard of review for Rule 12(b)(1) motions, the court may properly consider these exhibits. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (stating that, because the issue presented by a Rule 12(b)(1) motion is "the trial court's jurisdiction . . . there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the exercise of power to hear the case").  Exhibit 5, on the other hand, offers no evidence to assist the court in

determining its subject matter jurisdiction over this case. Therefore, Defendant's Motion to Strike Plaintiffs' Evidentiary Submission is DENIED in part and GRANTED in part. Plaintiffs' Exhibit 5 is stricken.

Accordingly, the court ORDERS as follows:

1. Plaintiffs' Motion for Leave to Supplement Submission (doc. 20) is hereby GRANTED.

2. Defendant Oak Grove's Motion to Strike Plaintiffs' Evidentiary Submission (doc. 34) is hereby GRANTED in part and DENIED in part. Plaintiffs' Exhibit 5 is stricken, but the motion is DENIED as to all other exhibits.

The court's rulings on these motions do not prohibit Defendants from challenging the admissibility or accuracy of Plaintiffs' evidentiary submissions at later proceedings.

DONE and ORDERED this 14th day of August, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE